```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

MARK EVANS,

    Petitioner,

vs.                                      No. 06-2032-B/P

BRUCE PEARSON,

    Respondent.

```
     ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
        ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                              AND
                 NOTICE OF APPELLATE FILING FEE
```

      Petitioner Mark Evans, Bureau of Prisons inmate registration number 69117-080, an inmate at the Federal Correctional Institution in Memphis ("FCI-Memphis"), filed a pro se petition pursuant to 28 U.S.C. § 2241 on January 17, 2006, accompanied by a legal memorandum. The Court issued an order on January 23, 2006 directing the petitioner, within thirty (30) days, to file an in forma pauperis affidavit or pay the habeas filing fee. On March 1, 2006, Evans filed a motion asking the Court to order FCI-Memphis officials to remit the fee and on April 3, 2006, Evans submitted another motion for an extension of time to pay the habeas filing fee. Both of those motions asserted that Evans had timely requested prison officials to remit the fee but, for various

reasons, the fee was not received or was not accepted. The Clerk received the habeas filing fee on April 11, 2006. Because Evans has made a colorable showing of good cause for the delay in complying with the January 23, 2006 order, the Court will address the merits of the petition.

On January 9, 1996, a federal grand jury sitting in the Western District of Texas returned a single-count indictment charging Evans with conspiring to possess cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The case proceeded to trial on December 9, 1996 and, on December 10, 1996, the jury returned a guilty verdict. District Judge Walter S. Smith conducted a sentencing hearing on July 10, 1997, at which time Evans was sentenced to three hundred sixty (360) months imprisonment, to be followed by a ten-year period of supervised release. Judgment was entered on July 14, 1997. United States v. Evans, No. 96-CR-2 (W.D. Tex.). The United States Court of Appeals for the Fifth Circuit affirmed. United States v. Evans, 140 F.3d 1037 (5th Cir. 1998) (mem.), cert. denied, 525 U.S. 947 (1998).

The inmate filed a motion for a new trial on June 15, 1998, which was denied on June 17, 1998. He filed a supplemental motion on June 22, 1998 in which he contended that he was entitled to a new trial on the basis of newly discovered evidence. Judge Smith denied that motion on June 23, 1998. Evans filed a notice of

appeal, but his appeal was dismissed. United States v. Evans, No. 98-50812 (5th Cir. Oct. 6, 1998).

The petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the Western District of Texas on March 24, 1999. Judge Smith denied the motion on July 21, 1999 and denied a certificate of appealability on September 28, 1999. Evans v. United States, No. 99-CV-96 (W.D. Tex.). Evans filed a notice of appeal, but his appeal was dismissed. Evans v. United States, No. 99-50899 (5th Cir. Apr. 13, 2000).

Evans filed a second notice seeking a new trial on the basis of newly discovered evidence on December 13, 1999. That "evidence" was apparently based on the Supreme Court's decision in Jones v. United States, 526 U.S. 227 (1999), and Evans argued that, pursuant to Jones, the type and quantity of the drug at issue must be proven at trial beyond a reasonable doubt. Judge Smith denied the motion on April 10, 2000 and the United States Court of Appeals for the Fifth Circuit affirmed. United States v. Evans, No. 00-50318, 2000 WL 1672903 (5th Cir. Oct. 18, 2000) (per curiam).

On April 21, 2005, the Government filed a motion seeking a reduction in Evans's sentence pursuant to Fed. R. Crim. P. 35(b). Judge Smith issued an order on May 19, 2005 granting that motion and reducing the term of Evans's incarceration to three hundred twenty-four (324) months.

Evans has now filed a § 2241 petition in this district, arguing that he was tried and convicted for a nonexistent offense or for a charge that was not contained in the indictment. More specifically, he contends that his sentence is invalid in light of the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 266 (2000), and United States v. Booker, 543 U.S. 220 (2005).

Habeas corpus would be available to the inmate if "the issues raised more accurately challenged the execution of the sentence than its imposition." Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977). "Section 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." Id. at 77; cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). For federal prisoners seeking habeas-type relief, the only remedy is through a motion to vacate pursuant to 28 U.S.C. § 2255. Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam); In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997).

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The fifth paragraph of § 2255, known as the "savings clause," provides as follows:

4

>An application for a writ of habeas corpus in behalf
of a prisoner who is authorized to apply for relief by
motion pursuant to this section, shall not be entertained
if it appears that the applicant has failed to apply for
relief, by motion, to the court which sentenced him, or
that such court has denied him relief, unless it also
appears that the remedy by motion is inadequate or
ineffective to test the legality of his detention.

28 U.S.C. § 2255. The petitioner carries the burden of demonstrating that the savings clause applies. Charles, 180 F.3d at 756.

The Sixth Circuit has construed the savings clause narrowly:

>Significantly, the § 2255 remedy is not considered
inadequate or ineffective simply because § 2255 relief
has already been denied . . . , or because the petitioner
is procedurally barred from pursuing relief under § 2255
. . . , or because the petitioner has been denied
permission to file a second or successive motion to
vacate.

Charles, 180 F.3d at 756; see also Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) ("A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits."). Furthermore, the § 2255 remedy is not inadequate or ineffective merely because, as here, the one-year statute of limitations has expired. Charles, 180 F.3d at 758.

Subsequent to the decision in Charles, the Sixth Circuit reemphasized the narrow scope of the savings clause:

>The circumstances under which § 2255 is inadequate
and ineffective are narrow, for to construe § 2241 relief
much more liberally than § 2255 relief would defeat the
purpose of the restrictions Congress placed on the filing
of successive petitions for collateral relief. . . . As

5

>  we explained in Charles, "[t]he remedy afforded under §
>  2241 is not an additional, alternative or supplemental
>  remedy to that prescribed under § 2255."

United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001) (quoting Charles, 180 F.3d at 758)).[1]

To obtain relief pursuant to 28 U.S.C. § 2241, the habeas petitioner must be "actually innocent" of the crime of which he has been convicted. Martin v. Perez, 319 F.3d 799, 804-05 (6th Cir. 2003); Charles, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."); see also Peterman, 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."). "A petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim." Gesuale v. Sanders, 63 Fed. Appx. 875, 876 (6th Cir. May 14, 2003); see also Bousley v. United States, 523 U.S. 614, 623 (1998).

---

[1] See also Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' . . . That does not mean that he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.") (quoting In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

Evans is not entitled to relief pursuant to Booker in this § 2241 petition for several reasons. First, this claim goes to the imposition of Evans's sentence rather than its execution, making it inappropriate for a § 2241 petition. See supra p. 4.

Second, the Sixth Circuit has held that a claim under Apprendi v. New Jersey, 530 U.S. 466 (2000), a precursor to Booker, cannot be raised in a § 2241 petition. Bannerman v. Snyder, 325 F.3d 722, 723-24 (2003). The Sixth Circuit has explained that "[a] challenge to a sentence based on Apprendi cannot be the basis for an actual innocence claim under Martin [v. Perez]." Id. at 724. Likewise, because Evans has no valid argument that he is actually innocent, he cannot raise his Booker claim in a § 2241 petition.[2]

---

[2] Evans raises several arguments in his 75-page legal memorandum, not very clearly, about why he is actually innocent. He seems to contend, on the basis of Apprendi, that distribution of crack cocaine is no longer a criminal offense. Petitioner's Memorandum of Law in Support of His Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed Jan. 17, 2006 ("P. Br."), at 6-24. As the inmate recognized, no court has accepted this analysis and, therefore, this case is far different from Bousley, 523 U.S. at 623-24, in which a defendant arguably became actually innocent due to the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), which established a new statutory interpretation of 18 U.S.C. § 924(c). See Gesuale v. Sanders, 63 Fed. Appx. at 876 (noting that "other circuits have recognized an actual innocence exception, based on the Supreme Court case of Bailey v. United States . . . , as the only currently-recognized instance where the § 2255 remedy is inadequate or ineffective"); see also Haun v. Barron, 105 Fed. Appx. 28 (6th Cir. 2004) (holding that the decision in Neder v. United States, 527 U.S. 1 (1999), was not an intervening, substantive change in the criminal law that would negate a defendant's conviction and render him "actually innocent" of the offense); Paulino v. United States, 352 F.3d 1056, 1061 (6th Cir. 2003) (holding that the new rule announced in the Supreme Court's decision in Richardson v. United States, 526 U.S. 813, 824 (1999), "does not have the same effect as that announced in Bailey" because "Richardson does not render defendants who were convicted of conducting a [continuing criminal enterprise] 'not guilty,' or 'actually innocent,' merely because the trial court gave instructions that did not comply with the rule announced therein . . . ; at most, it requires a new trial."); Leon v. Hemingway, 53 Fed. Appx. 353, 354 (6th Cir. Dec. 19, 2002) ("Leon's claims challenge his sentence; his claims do not raise an argument that his conduct failed to constitute an offense under the statute, as required by the Bailey exception.".

Third, Evans has not attempted to demonstrate that the § 2255 remedy is inadequate or ineffective as to his Booker claim. In this case, Evans has not attempted to explain why he did not seek leave from the Fifth Circuit to file a second or successive § 2255 motion that raised these issues, assuming they were not previously raised. As noted, see supra pp. 5-6, the expiration of the § 2255 limitations period, standing alone, does not establish that the § 2255 remedy is inadequate or ineffective. Charles, 180 F.3d at 756.

Because Evans is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the

$455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[3] Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether those requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. United States Parole Comm'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and finds that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241

---

[3] Effective April 9, 2006, the appellate filing fee increased from $255 to $455.

petitions. Cf. Greene v. Tennessee Dep't of Corrections, 265 F.3d 369 (6th Cir. 2001) (certificate of appealability requirement is applicable to state prisoner bringing § 2241 petition).

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. Kincade, 117 F.3d at 951. Rather, to appeal in forma pauperis in a habeas case, and thereby avoid the $455 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if petitioner files a notice of appeal, he

10

must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 23rd day of May, 2006.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE