IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARK EVANS,

    Petitioner,

vs.                                          No. 06-2032-B/P

BRUCE PEARSON,

    Respondent.

ORDER DENYING MOTION FOR RECONSIDERATION

       Petitioner Mark Evans, Bureau of Prisons inmate registration number 69117-080, an inmate at the Federal Correctional Institution in Memphis, filed a pro se petition pursuant to 28 U.S.C. § 2241 on January 17, 2006, accompanied by a legal memorandum. The Court issued an order on May 23, 2006 denying the petition and certifying that an appeal would not be taken in good faith. Judgment was entered on May 25, 2006. Petitioner filed a notice of appeal on June 22, 2006.

       On June 9, 2006, Evans filed a motion for reconsideration, which the Court CONSTRUES as a timely motion pursuant to Fed. R. Civ. P. 59(e).

       A party should be afforded relief from a judgment pursuant to Fed. R. Civ. P. 59(e) under only limited circumstances:

> [R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.
>
> The Rule 59(e) motion may not be used to relitigate old matters, or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose.

11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995) (footnotes omitted); see Nagalingam v. Wilson, Sowards, Bowling & Costanzo, No. 00-5453, 2001 WL 493392, at *2 (6th Cir. May 1, 2001).

The motion filed by Evans does not fit within this framework. Evans filed a § 2241 petition challenging his criminal conviction in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005). The Court denied the petition because Booker issues cannot be raised in § 2241 petitions. Evans has now filed a motion for reconsideration in which he reiterates the arguments, made at length in his seventy-five (75) page legal memorandum, about why distribution of cocaine base is no longer a criminal offense in light of Apprendi and Booker. The Court rejected that argument in the May 23, 2006 order because, inter alia, Evans had not explained why the § 2255 remedy

2

was inadequate or ineffective with respect to this claim. Nothing in the petitioner's most recent motion provides any basis for modification of the May 23, 2006 order or relief from judgment.

The motion for reconsideration is DENIED.

IT IS SO ORDERED this 3rd day of July, 2006.

                                  s/ J. DANIEL BREEN
                                  UNITED STATES DISTRICT JUDGE